IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NASEER ALI-BEY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1709-RGA |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE UNITED STATES, INC., | : |
| Defendant. | : |

Naseer Ali-Bey, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 18, 2013
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Naseer Ali-Bey filed this action alleging discrimination by reason of national origin. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 16). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The complaint is unclear about what type of suit Plaintiff attempts to bring. The sole sentence in the Complaint (D.I. 2) refers to a discriminatory act of "filing fees placed on a United States' public vessel." For relief Plaintiff asks for "Guarantor (represented by the prosecutor) honor their Warranty of the Commercial Servicing Contract."

Plaintiff filed two "Admissions Statements" (D.I. 4, 5), neither of which adds anything relevant. In addition, Plaintiff has filed a number of motions (D.I. 6, 7, 8, 12, 13) against Defendant and non-parties, and non-party Ebony Loretta has also filed a number of motions (D.I. 9, 10, 11) against Defendant and non-parties.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as

frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's

2

entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

A pleading setting forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. However, a court should dismiss a case, "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." *Cole v. Commonwealth Federal*, 1994 WL 618464, at *1 (E.D. Pa. 1994). The complaint makes no factual allegations, and the legal theory lacks an arguable basis in law. *See Troxelle v. United States*, 319 F. App'x 176, 178 (3d Cir. 2009).

Finally, to the extent that Plaintiff attempts to assert a claim against the United States of America and/or the United States District Court for the District of Delaware, the claim is barred by the sovereign immunity of the United States and its agencies. The United States cannot be sued without its express consent, and express consent is

3

a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983)

Plaintiff's Complaint does not show that he is entitled to relief. Even given the latitude accorded *pro se* pleadings, the filing is so devoid of any possible merit as to be frivolous. Accordingly, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile. Finally, the Court will deny as moot all pending motions (D.I. 6, 7, 8, 9, 10, 11, 12, 13).

An appropriate order will be entered.